# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40085
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL MONTEMAYOR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-239-1

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Manuel Montemayor entered a conditional guilty plea to being a felon in possession of a firearm and ammunition and was sentenced to 50 months in prison. He appeals the denial of his motion to suppress the evidence. He argues that the warrantless search of his truck and the backpack contained therein, which led to the discovery of the firearm and ammunition, was illegal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the third party who consented to the search, his wife, Monica Banuelos, did not have actual or apparent authority to do so.

When reviewing a denial of a motion to suppress evidence, this court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo. *United States v. Perez*, 484 F.3d 735, 739 (5th Cir. 2007). A finding is clearly erroneous only if the court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Hernandez*, 279 F.3d 302, 306 (5th Cir. 2002). This standard is particularly deferential where "denial of a suppression motion is based on live oral testimony . . . because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted). In addition, we view the evidence "most favorably to the party prevailing below, except where such a view is inconsistent with the trial court's findings or is clearly erroneous considering the evidence as a whole." *United States v. Shabazz*, 993 F.2d 431, 434 (5th Cir. 1993).

Although warrantless searches are per se unreasonable under the Fourth Amendment, there are certain well-established exceptions to that warrant requirement. *United States v. Guzman*, 739 F.3d 241, 245-46 (5th Cir. 2014). Voluntary consent provided by a person with authority to grant such consent is one such exception. *United States v. Tompkins*, 130 F.3d 117, 121 (5th Cir. 1997). Valid consent from a third party, rather than from the person whose property was seized, requires proof that "the third party had either actual or apparent authority to consent." *United States v. Gonzales*, 121 F.3d 928, 938 (5th Cir. 1997), *overruled on other grounds by United States v. O'Brien*, 560 U.S. 218 (2010).

No. 16-40085

The district court found that the testimony set forth at the suppression hearing established that Banuelos had actual and apparent authority to consent to the search of the truck and the backpack. That finding was supported by the evidence that, inter alia, Banuelos was and remains Montemayor's wife; Banuelos and Montemayor lived together at the address to which the officers responded; Banuelos claimed that the title was registered in her name, and the officers believed her, although that was later disproven; Banuelos was a co-owner of the truck since she signed the note to finance its purchase; Banuelos was a named insured on the automobile insurance policy; Banuelos had operated the truck before when she needed to; the truck was parked in the driveway of the home occupied by Banuelos and Montemayor; Banuelos knew that Montemayor kept a gun in the backpack; Banuelos knew that Montemayor usually kept the backpack in their bedroom closet; Montemayor did not attempt to hide the backpack from Banuelos, either when it was inside the home or inside the truck; and Montemayor had not locked the truck during the altercation, had not locked it when the officers arrived, and did not request that it be locked when he was driven out of view of the truck.

In light of the foregoing, Montemayor has not demonstrated that the district court erred by concluding that Banuelos had authority to consent. *See Gonzales*, 121 F.3d at 938; *Shabazz*, 993 F.2d at 434. Consequently, the judgment is AFFIRMED.